**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **V.** | § | **CASE NO. 5:15-cr-00018-RWS-CMC-4** |
| | § | |
| **DEMETRICE DORNELL MULLENS** | § | |

**REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

On November 2, 2026, the Court held a hearing on the Government's Petition for Warrant or Summons for Offender Under Supervision. Dkt. No. 1276. The Government was represented by Assistant United States Attorney Lauren Richards. Defendant was represented by David W. Barlow.

**BACKGROUND**

Demetrice Dornell Mullens was sentenced on December 15, 2016, before The Honorable Robert W. Schroeder III of the Eastern District of Texas after pleading guilty to the offense of Controlled Substance–Sell, Distribute, or Dispense (Possession with Intent to Distribute Methamphetamine), a Class A felony. This offense carried a statutory maximum imprisonment term of life. The guideline imprisonment range, based on a total offense level of 29 and a criminal history category of III, was 120 to 135 months. Demetrice Dornell Mullens was subsequently sentenced to 120 months imprisonment subject to the standard conditions of release, plus special conditions to include substance abuse treatment and testing, and a special assessment fee of $100.00. On December 28, 2022, Demetrice Dornell Mullens completed his period of imprisonment and began service of the supervision term.

**PETITION TO REVOKE**

In its Petition for Warrant or Summons for Offender Under Supervision (Dkt. No. 1276), the Government alleges Defendant violated the following conditions:

**1) Defendant must refrain from any unlawful use of a controlled substance. Defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.** Specifically, the Government alleges that on December 16, 2024, Mr. Mullens submitted a positive urine specimen for opiates.

**2) Defendant must live at a place approved by the probation officer. If Defendant plans to change where he lives or anything about his living arrangements (such as the people he lives with), Defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, Defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.** Specifically, the Government alleges that on September 25, 2025, the probation officer was informed that Mr. Mullens no longer resided at his reported address since June 2025. The Government further alleges that Mr. Mullens has failed to update the U.S. Probation Office of his current residential information.

**3) Defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses Defendant from doing so. If Defendant does not have full-time employment, he must try to find full-time employment, unless the probation officer excuses Defendant from doing so. If Defendant plans to change where he works or anything about his work (such as his position or his job responsibilities), Defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances,**

**Defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.** Specifically, the Government alleges that on October 7, 2025, the probation officer verified that Mr. Mullens was no longer gainfully employed with the employer on file. The Government further alleges that Mr. Mullens has failed to update the U.S. Probation Office of his current employment status.

**4) If Defendant is arrested or questioned by a law enforcement officer, Defendant must notify the probation officer within 72 hours.** Specifically, the Government alleges that on October 9, 2025, Mr. Mullens came into contact with the Texarkana Arkansas Police Department. The Government further alleges that Mr. Mullens failed to report said contact with law enforcement to the U.S. Probation Office within 72 hours.

**5) Defendant must follow the instructions of the probation officer related to the conditions of supervision.** Specifically, the Government alleges that on October 1, 2025, the probation officer issued Mr. Mullens instructions via voicemail to contact the U.S. Probation Office for the purpose of scheduling an appointment, and that Mr. Mullens failed to comply with said instructions. The Government further alleges that on October 7, 2025, the probation officer issued Mr. Mullens instructions via voicemail to contact the U.S. Probation Office for the purpose of scheduling an appointment, and that Mr. Mullens failed to comply with said instructions.

## RECOMMENDATION

The Court conducted a revocation hearing on November 2, 2026. At the hearing, the Court reviewed the alleged violations of the above conditions with Defendant. Consenting to the undersigned's taking the plea, Defendant admitted as true the second allegation contained in the Government's petition.

Based upon Defendant's plea of true to the second allegation, the Court finds Defendant did violate his conditions of supervised release as alleged in the U.S. Probation Office's petition. Counsel announced the parties had agreed upon the sentence to be imposed. The Court, having considered the agreement as well as the applicable U.S. Sentencing Commission Guidelines, agreed with the parties' proposed sentence and recommended sentence be imposed as follows: Pursuant to the Sentencing Reform Act of 1984, it is recommended that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twelve (12) months and one (1) day, with no term of supervised release to follow.

## CONCLUSION

Based on the foregoing, it is

**RECOMMENDED** that Defendant's plea of true to the second allegation in the petition be **ACCEPTED**. It is further

**RECOMMENDED** that Defendant's supervised release be **REVOKED**. It is further

**RECOMMENDED** that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twelve (12) months and one (1) day, with no term of supervised release to follow.

The parties were informed of the right to file objections to the recommendations as set forth above. The parties waived their objections.

Defendant was also advised that he has the right to be present with counsel, to speak on his own behalf, and to have counsel speak on his behalf before any additional sentence is imposed. Defendant signed a written waiver of his right to be present and speak, and his right to have counsel present and speak, before the district judge imposes the recommended sentence.

SIGNED this the 2nd day of November, 2026.



J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE